UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cherrity Honesty-Alexis Meranelli,
*formerly known as* Eric Sorenson,

No. 22-CV-946 (KMM/DTS)

Plaintiff,

ORDER

v.

State of Minnesota, et al.,

Defendants.

On April 20, 2022, the Honorable David T. Schultz, United States Magistrate Judge, issued an Order and Report and Recommendation ("R&R"). [ECF No. 6]. Judge Schultz granted the Plaintiff's application to proceed *in forma pauperis*, directed the U.S. Marshals Service to effect service of process on the Defendants, and recommended that the requests for a temporary restraining order ("TRO") and preliminary injunction in the Complaint be denied without prejudice. Only the portion of Judge Schutlz's decision that provides a recommended disposition on the TRO and preliminary injunction requests is addressed in this Order.

In the R&R, Judge Schutlz gave the following reasons for recommending denial of the TRO and preliminary injunction requests:

> 1. . . . As of today's date, there is no indication that Defendants have notice of Meranelli's action or TRO request. Under Federal Rule of Civil Procedure 65(b)(1), a court can issue a TRO without notice only if "specific

1

> facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant or movant's attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required." The Complaint's TRO request does not meet either of these requirements.
>
> 2. . . . Under Federal Rule of Civil Procedure 65(a)(1), a court "may issue a preliminary injunction only on notice to the adverse party." Again, as of today's date, there is no indication that Defendants have notice of the Complaint or its preliminary-injunction request.

[R&R at 1–2, ECF No. 6]. The Plaintiff, Cherrity Honesty-Alexis Meranelli, filed Objections to the R&R dated May 2, 2022, which were docketed by the Clerk of Court on May 9, 2022. [ECF No. 10].

*Standard of Review*

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b); *Hageman v. Morrison Cnty.*, No. CV 19-3019 (JRT/HB), 2022 WL 897721, at *2 & n.2 (D. Minn. Mar. 28, 2022). Based on the Court's careful review of the R&R, Ms. Meranelli's Objections, and the record in this case, the Magistrate Judge committed no error.

*Discussion*

Ms. Meranelli makes two distinct objections to the R&R. First, Ms. Meranelli acknowledges that when the case was filed, the R&R issued, and her Objections submitted, Defendants had not received notice of the Complaint. [ECF No. 10 at 2]. She nevertheless asserts that denial of her requests for a TRO and preliminary injunction

2

were, as a procedural matter, premature. Ms. Meranelli suggests that any ruling on these requests should wait until after service of the Complaint in which they are found. [*Id.* at 2, 3]. Ms. Meranelli indicates that denying the requests now without prejudice will "result in the service of additional TRO and preliminary injunction documents to this Honorable Court later in this case after service," and asserts that this would cause her prejudice because she would be required to file duplicative documents. [*Id.* at 3].

This objection is overruled. While Rule 65(b)(1) allows a TRO to be issued without written or oral notice to an adverse party or its attorney, such relief is only permitted if the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Ms. Meranelli has not shown that the Magistrate Judge erred in finding that she failed to meet this requirement. Similarly, a preliminary injunction may only be issued on notice to an adverse party. Fed. R. Civ. P. 65(a)(1). Again, Ms. Meranelli acknowledges that her requests were made before any notice was provided.

The Court is also not persuaded that denying the requests in her complaint without prejudice will be as prejudicial to Ms. Meranelli as she contends. Since the R&R was issued, the Defendants have been served with the Complaint. [ECF No. 9]. If Ms. Meranelli determines that she wishes to pursue preliminary injunctive relief, adopting the R&R will not prohibit her from soon filing a motion for a preliminary injunction if she believes she is entitled to such relief. And such a filing will not, in fact,

be largely duplicative. Under the District of Minnesota's Local Rules, any motion for a preliminary injunction would be a request for dispositive relief and would need to be accompanied by a memorandum of law and any affidavits and exhibits supporting the request. D. Minn. LR 7.1(c)(1). When she filed her Complaint and included the requests for a TRO and a preliminary injunction, she did not file those documents. [ECF No. 1 at 26]. She will have to correct this oversight if she chooses to seek the same or similar relief.

Second, Ms. Meranelli objects to the recommendation that her TRO request be denied because "[w]ithin the R&R it alleges that the complaint fails to show any specific facts that display any immediate and irreparable injury. . . . However, Ms. Meranelli has alleged constitutional claims, which always constitute immediate and irreparable injury even for short periods of time." [ECF No. 10 at 2–3]. Ms. Meranelli has alleged a violation of her First Amendment rights under the Free Speech clause [ECF No. 1 ¶¶ 57–59], and the Supreme Court has recognized that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 887 (D. Minn. 2021) (noting that "it is not at all clear that the principle from *Elrod* applies in other constitutional contexts"). But the focus of the First Amendment claims in *Elrod* was the "timeliness of political speech," which the Supreme Court noted was "particularly important." 427 U.S. at 374 n.29. Ms. Meranelli's First Amendment claim is

4

not clearly related to the timeliness of any political speech. Moreover, even where First Amendment claims are involved, courts do not automatically issue preliminary injunctions based on the principle in *Elrod*. *See Ness v. City of Bloomington*, 437 F. Supp. 3d 714, 722–23 (D. Minn. 2020) (noting that in *Elrod*, "it was 'clear that First Amendment 'interests were either threated or in fact being impaired at the time relief was sought'" (quoting 427 U.S. at 373–4)); *id.* at 723 n.4 ("It is also worth noting here in the irreparable harm section that First Amendment law allows restrictions of speech which leave open 'ample alternative channels of communication' of information." (quoting *Young v. Ricketts*, 825 F.3d 487, 492 (8th Cir. 2016))).

Even if this case falls in part within the principle articulated in *Elrod*, Ms. Meranelli has not established the presence of all of the relevant factors necessary for the issuance of preliminary injunctive relief. The *Elrod* Court itself recognized that the parties seeking preliminary injunctive relief had demonstrated a likelihood of success on the merits of their claims. *Id.* at 374. Other factors relevant to the question of whether a court should issue such relief include: the balance between the harm likely to befall the moving party and the injury an injunction would inflict on other parties; and the public interest. *Bear v. Kautzky*, 305 F.3d 802, 803 (8th Cir. 2002). Ms. Meranelli's pleadings do not establish a likelihood of success on the merits, that the balance of harms weighs in her favor, nor that a preliminary injunction is ultimately in the public's

interest. Accordingly, her objection on this point is overruled, the R&R will be adopted, and the requests for a TRO and preliminary injunction are denied without prejudice.

**IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the R&R [ECF No. 10] are **OVERRULED**;

2. The R&R [ECF No. 6] is **ACCEPTED**; and

3. Ms. Meranelli's requests for a TRO and a preliminary injunction are **DENIED** without prejudice.

Date: **May 31, 2022**         *s/ Katherine M. Menendez*
                               Katherine M. Menendez
                               United States District Judge