# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cherrity Honesty-Alexis Meranelli,
*formerly known as* Eric Sorenson,

No. 22-CV-946 (KMM/DTS)

Plaintiff,

ORDER

v.

State of Minnesota, et al.,

Defendants.

This matter is before the Court on an appeal of a non-dispositive Order issued by the United States Magistrate Judge assigned to this case. For the reasons that follow, the Order is affirmed.

On August 8, 2022, the parties filed a Stipulation agreeing that Plaintiff Cherrity Honesty-Alexis Meranelli would file a Second Amended Complaint ("SAC") and Defendants would have additional time to answer or otherwise respond to that amended pleading. [Doc. 32]. Ms. Meranelli filed the SAC on August 17, 2022. [Doc. 40]. On August 31, Ms. Meranelli filed a "Motion for Withdrawal of August 8, 2022 Stipulation, to Direct Court Administrator for Personal Service upon Defendants in their Individual Capacity, and for Hard or Electronic Copies and Notice." [Doc. 42]. Among other things, Ms. Meranelli argued that Defendants misrepresented that they needed extra time to answer the SAC, not so that they could file a motion to dismiss. [Doc. 43 at 3]. In addition, Ms. Meranelli argued that Defendants should be required to provide her with hard copies

or CDs of all "cases, treatises, and other documents" that they may use or cite to in the lawsuit. [Doc. 43 at 6–7].

On September 8, 2022, United States Magistrate Judge David T. Schultz denied Ms. Meranelli's motion (the "September 8th Order"). [Doc. 53]. Judge Schultz found that extending the deadline for Defendants' response to the SAC "avoids piecemeal responses to the SAC, promotes judicial economy, and conserves resources." [Doc. 53 at 2]. Further, the September 8th Order found that "[u]ndoing the Stipulation would prejudice Defendants' reasonable reliance on the agreed-upon proposed response deadline," and if the stipulation had not been filed, Defendants "would have brought a motion to extend the deadline." [Doc. 53 at 2]. Finally, with respect to the request for withdrawal of the Stipulation, Judge Schultz observed that (1) Defendants denied telling Ms. Meranelli that they would not move to dismiss the SAC if the extension were agreed to; and (2) the Stipulation plainly states that Defendants would "'answer or otherwise respond' in multiple places." [Doc. 53 at 2].

Judge Schultz further declined to order Defendants to provide hard copies of the legal authority they rely upon or cite to during this lawsuit. Judge Schultz reasoned that such relief was unwarranted because the Minnesota Department of Human Services "already provides [Ms. Meranelli] with access to the LexisNexis legal library that includes all Minnesota and federal materials as well as two reference guides." Further, the September 8th Order notes that Ms. Mernalli offered only speculation that Defendants would cite information that is not available on LexisNexis, cited no authority to support

2

her request, and provided no persuasive argument to explain why the Court should order such relief. [Doc. 53 at 2].

Ms. Meranelli appeals the September 8th Order. The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Lynch v. Experian Info. Sols., Inc.*, 581 F. Supp. 3d 1122, 1125 (D. Minn. 2022); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Such an order will be reversed only where it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quotation omitted). Such an order is contrary to law when if it misapplies relevant statutes, case law, or procedural rules. *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008).

Ms. Meranelli has failed to demonstrate that the September 8th Order is either clearly erroneous or contrary to law in any respect. First, Ms. Meranelli states that Judge Schultz erred "in not withdrawing the stipulation" [Doc. 56 at 3]. Ms. Meranelli argues that Judge Schultz did not address the relevant considerations for withdrawal of a stipulation as set forth in *United States v. Moreta*, 19-cr-307 (SHS), 2021 U.S. Dist. LEXIS 202281, at *2–3 (S.D.N.Y. Oct. 18, 2021), and that he failed to analyze the issue according to the "standards of review and laws of a contract." [Doc. 56 at 4–7].

The Court finds no error in the Magistrate Judge's analysis of this issue and this objection is overruled. For one thing, *Moreta* is not binding case law. For another, *Moreta*

addresses a different kind of stipulation than the one at issue here, namely a factual stipulation that bore directly upon the merits of the parties' dispute. *See id.* at *1 ("Each stipulation sets forth the results of tests performed by [DEA] chemists on drugs found in the back seat of Moreta's car and in a nearby apartment."). Ms. Meranelli has not pointed to a case addressing a stipulation comparable to that involved in this case.

Moreover, even if *Moreta* were binding or more directly on point, there has been no showing that applying it to this case should result in a different outcome. *Moreta* allows for withdrawal of a stipulation, in the court's discretion, where it was entered mistakenly or inadvertently, or where necessary to prevent manifest injustice. *Id.* at *2. And *Moreta* points to certain factors a court should consider in determining whether there allowing withdrawal of a stipulation will prevent injustice. *Id.* at *2–3 (discussing "1) the effect of the stipulation on the party seeking to withdraw the stipulation; 2) the effect on the other parties to the litigation; 3) the occurrence of intervening events since the parties agreed to the stipulation; and 4) whether evidence contrary to the stipulation is substantial"). The September 8th Order properly rejects any suggestion that the Stipulation was entered into by mistake, given its plain wording. The decision also properly rejects Ms. Meranelli's suggestion that Defendants obtained the stipulation by fraud because her assertion of a misrepresentation is disputed and is inconsistent with the plain language of the Stipulation. Moreover, there would be no injustice in holding Ms. Meranelli to the Stipulation given that the Defendants would very likely have been able to obtain the same relief through filing a routine motion for extension of time to answer or otherwise respond to the SAC. And, notwithstanding Ms. Meranelli's disagreement with the September 8th Order's

assessment of prejudice, the Court finds no error in Judge Schultz's consideration of that issue.

Ms. Meranelli appears to argue that the September 8th Order is contrary to law because it did not discuss certain considerations in sufficient detail. The Court rejects any suggestion that Judge Schultz's handling of the relevant considerations was insufficiently detailed or thorough. Finally, the Court disagrees with Ms. Meranelli's suggestion that the September 8th Order is contrary to law because Judge Schultz did not specifically analyze the Stipulation according to principles of contract law. In fact, had the Order discussed such principles explicitly, the outcome would have been the same. It is hornbook law that the meaning of a contract is to be understood by reference to the parties' intentions, and the intent is determined by reference to the plain language of the agreement. As noted above, Judge Schultz found that the plain language of the Stipulation reveals the parties' mutual intent to allow the Defendants an extension to answer "or otherwise respond" to the SAC, so a motion to dismiss was clearly on the table.

Ms. Meranelli also argues that Judge Schultz erred "in not ordering Defendants to provide hard copies of any and all citations and other legal authorities that the Defendants use to support their claims." [Doc. 56 at 3]. She argues that Defendants misrepresented facts to the Court because LexisNexis does not have all the materials that Defendants have cited in their papers. Specifically, she notes that Defendants have cited to materials that are found on Westlaw. Further, Ms. Meranelli contends that it would be inefficient to require her to make a motion for a hard copy every time Defendants cite some item that she cannot access. And lastly, she argues that Judge Schultz erred in finding too speculative

Ms. Meranelli's assertion that Defendants would rely on materials she cannot access and finding that Ms. Meranelli failed to provide authority to support her request. With respect to the latter, she points to the Petition Clause of the First Amendment, arguing that her constitutional right to seek redress of grievances in the courts includes the right to *meaningfully* litigate her case. [Doc. 56 at 7–9].

This objection and these arguments are likewise overruled. Ms. Meranelli has failed to demonstrate that this portion of the September 8th Order was clearly erroneous or contrary to law. Judge Schultz correctly observed that Ms. Meranelli did not cite any law in support of the specific request she made. She does not now point to any case holding that a defendant, under similar circumstances to those presented here, must provide hard copies or CDs containing materials that have cited or will cite in their briefing. Ms. Meranelli also has not identified any error in Judge Schultz's conclusion that it was speculative for her to assert that Defendants would cite to materials that she would be unable to access in the future. Although Ms. Meranelli states that she should not be required to make a motion regarding lack of access to specific cases Defendants may cite, some courts have found that such an individualized showing is exactly what is required to obtain an order compelling a party to provide cited cases to a *pro se* opponent. *See Cox v. LNU*, 924 F. Supp. 2d 1269, 1275 (D. Kan. 2013) ("[T]he Court may compel a party to provide cited cases when a *pro se* prisoner movant provides sufficient information that he lacks access to needed cases due to no fault of his own and the opposing parties fail to show that he had reasonable access.").

The Court understands Ms. Meranelli's concern and recognizes that litigating a case as a *pro se* litigant, particularly one whose liberty is curtailed by imprisonment or involuntary civil commitment, can be challenging in many ways, including in conducting legal research and having easy access to legal materials. However, unpublished court decisions that are referenced in a brief using a Westlaw citation are very frequently also available through access to the LexisNexis database. Parties with access to only one of these two services can easily track down the information relied upon by their opponents. The Court has no doubt, given the materials that Ms. Meranelli has cited to and the arguments she has presented in her own briefing, that although she is a *pro se* litigant, she can locate such materials through her access to LexisNexis. And, in those rare instances where a case Defendants rely upon in their briefing is available on Westlaw, but *not* available on LexisNexis, nothing in the September 8th Order, nor in this one, prohibits Ms. Meranelli from asking opposing counsel for a courtesy copy.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the September 8th Order [Doc. 56] are **OVERRULED**; and

2. The September 8th Order [Doc. 53] is **AFFIRMED**.

Date: **November 17, 2022**              *s/ Katherine M. Menendez*
                                         Katherine M. Menendez
                                         United States District Judge